IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.  4:10CR00240-01-BRW

BARRY MICHAEL EASLEY

## ORDER

Pending is Defendant's Motion to Dismiss (Doc. No. 69). The Prosecution has responded.[1] A hearing was held on June 7, 2011. For the reasons discussed below, Defendant's Motion to Dismiss is DENIED.

## I. BACKGROUND

Marie Diane Douglas began receiving Social Security Administration ("SSA") Disability Insurance Benefits around August 2001, and at some point became an employee of Defendant's. According to the Indictment, from August 2002 until September 2009, Defendant and Ms. Douglas engaged in a salary payment process that would allow Ms. Douglas to continue to receive her SSA benefits, despite her involvement in a substantial gainful activity. Allegedly, portions of Ms. Douglas's salary "were paid under other persons' names and social security numbers" and "a $100,000 bonus was structured to appear to be proceeds of a civil lawsuit settlement."[2] The Prosecution contends that payments were made this way to "avoid detection by the SSA."[3]

---

[1] Doc. No. 72.

[2] Doc. No. 1.

[3] *Id.*

1

Count One of the Indictment (42 U.S.C. § 408(a)(4)) charged Defendant with having "knowledge of the occurrence of any event" which would affect Ms. Douglas's right to continue to receive SSA benefits -- *e.g.*, income that would amount to a substantial gainful activity -- and concealing or failing to disclose the fact that Ms. Douglas was involved in a substantial gainful activity. This concealment, according to the Indictment, was intended to allow Ms. Douglas to continue to receive SSA benefits that she otherwise would not have been entitled to receive. Count Two of the Indictment (18 U.S.C. § 641) charged Defendant with aiding and abetting Ms. Douglas with the theft and conversion of the money from the SSA.

Ms. Douglas, a co-defendant, pled guilty to Count One on May 17, 2011.

## II.  DISCUSSION

In the Motion to Dismiss, Defendant contends that Counts One and Two of the Indictment are duplicitous -- that is, they charge two or more crimes in a single count.[4] Defendant's asserts that the offenses are not "continuing course of conduct offenses," and therefore, each alleged criminal violation must be separately set out and identified. According to Defendant, each time Defendant funneled another payment to Ms. Douglas, a new, separate violation of that statute occurred.

### A.  Continuing Offense

In *United States v. Toussie*, the Supreme Court held that a crime is a continuing offense either when "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be

---

[4] *U.S. v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997) (internal citations and quotations omitted) ("'Duplicity' is the joining in a single count of two or more distinct and separate offenses.").

2

treated as a continuing one."[5] Since neither statute in this case contains specific language designating the crimes as "continuing offenses," the issue is whether the "nature of the crime involved" would dictate that Congress "must assuredly have intended" that it be considered a continuing offense. Embezzlement, conspiracy, failure to provide support, and repeated failure to provide reports have all been recognized as continuing offenses.[6] The "hallmark of the continuing offense is that it perdures beyond the initial act, and that 'each day brings a renewed threat of the substantial evil Congress sought to prevent' even after the elements necessary to establish the crime have occurred."[7] In such instances, the statute of limitations runs from the date of the last criminal act.[8]

As with conspiracy, the alleged crimes in this case would continue until the parties abandoned efforts to continue with the crime. Both crimes involved Defendant and Ms. Douglas aiding and abetting one another to conceal from the SSA that Ms. Douglas was involved in substantial gainful activity.

### 1. Count One

Defendant wants the focus of Count One to be each individual act, that is, each payment to Ms. Douglas, through a strawman, intended to avoid detection by the SSA; but this approach overlooks the language of the charge. The crux of Count One is not about making separate payments to Ms. Douglas; rather, the allegation focuses on Defendant's "<u>knowledge</u>" of the

---

[5]*United States v. Toussie*, 397 U.S. 112, 115 (1970).

[6]*Toussie*, 397 U.S. at 134-135 (White, J., dissenting).

[7]*United States v. Yashar*, 166 F.3d 873, 875 (7th Cir. 1999) (quoting *Toussie*, 397 U.S. at 122).

[8]*Id.* at 875-76.

"occurrence of any event"[9] The alleged event is Ms. Douglas was involved in substantial gainful activity -- that is, her income would be past the threshold permitted by SSA for receipt of benefits.

Even if I adopted Defendant's position -- that the payments were "occurrences" under the statute -- the "occurrences" were not individual crimes with a distinct beginning and end each time money was diverted to Ms. Douglas. Rather, the repeated payments were part of the process necessary to assure that the SSA would not detect Ms. Douglas's involvement in a substantial gainful activity. So long as Defendant had knowledge that Ms. Douglas may be ineligible for SSA benefits if she were properly paid, and Defendant continued to issue payments "under the radar," the crime of aiding and abetting Ms. Douglas in obtaining benefits to which she was not entitled was a continuing offense.

### 2. Count Two

The same holds true for Count Two of the Indictment. Defendant is alleged to have aided and abetted Ms. Douglas in stealing and knowingly converting to their use SSA benefits, in violation of 18 U.S.C. § 641. The statute also sets out that concealing the receipt of the unlawfully obtained money is a violation of the law.

It is alleged here that Defendant's intent was to provide Ms. Douglas with monetary payments, in a manner that would go undetected by the SSA, because, otherwise, the SSA would have considered Ms. Douglas involved in substantial gainful activity. So long as the SSA was unaware that Ms. Douglas was involved in substantial gainful activity (because of the secret payments), it would continue to automatically pay Ms. Douglas disability benefits. For the

---

[9] 42 U.S.C. 408(a)(4) (emphasis added).

benefit payments to continue unaltered, Defendant and Ms. Douglas had to continue to hide the fact that she was involved in a substantial gainful activity.

"[W]hile § 641 is not inherently and automatically a continuing offense, it is in [a] case where the violation consists of an uninterrupted scheme [to wrongfully] receive SSI payments which continued well into the statute of limitations period."[10] Here, Defendant and Ms. Douglas are alleged to have aided and abetted one another in an uninterrupted scheme to hid the fact that Ms. Douglas was involved in substantial gainful activity.

### B.   Duplicity

Since I have found that the allegations and charges in this case constitute continuing offenses, Defendant's duplicity argument is without merit.  Again, there is no duplicity here because there is only one "occurrence," that is Ms. Douglas's involvement in substantial gainful activity.  The payments were simply a means to conceal this fact from the SSA.

### CONCLUSION

Based on the findings of fact and conclusions of law above, as well as those made during the hearing, I find that the charges in this Indictment amounted to a continuing offense and that the charges were not duplicitous. Accordingly, Defendant's Motion to Dismiss (Doc. No. 69) is DENIED.

IT IS SO ORDERED this 8th day of June, 2011.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[10]*United States v. Trang Huydoan Phan*, 754 F. Supp 2d 186, 190 (D. Mass. 2010).